# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| JAN CLINTON CHILSON, | * |
| Plaintiff, | * |
| vs. | * CIVIL ACTION NO. 19-00016-TFM-B |
| THOMAS B. MODLY, Acting Secretary, Department of the Navy, | * |
| Defendant. | * |

## REPORT AND RECOMMENDATION

This matter is before the Court on Defendant Thomas B. Modly, Acting Secretary, Department of the Navy's[1] ("Agency" or "Navy") motion to dismiss. (Doc. 8). The motion, which has been fully briefed, has been referred to the undersigned Magistrate Judge for entry of a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Ala. CivLR 72(a)(2)(S). Upon consideration of all matters presented, the undersigned recommends, for the reasons stated herein, that the Agency's motion be **DENIED without prejudice**, and that Plaintiff be ordered to properly serve the Navy within twenty (20) days.

---

[1] The Court takes judicial notice that Thomas B. Modly is the current Acting Secretary of the Navy. Accordingly, pursuant to Fed. R. Civ. P. 25(d), the Clerk is **DIRECTED** to substitute Thomas B. Modly, Acting Secretary, Department of the Navy, as the Defendant in this case. See Fed. R. Civ. P. 25(d); (see also Doc. 1 at 2 (naming then-Secretary Richard V. Spencer as Defendant)).

## I. BACKGROUND

Plaintiff Jan Clinton Chilson ("Chilson") was formerly employed as a GS-0343-12 Program Analyst for the Navy's Strategic Weapons Facility, Atlantic ("SWFLANT"), located in Kings Bay, Georgia.[2] (Doc. 1 at 3; Doc. 8-1 at 13). He retired from federal service effective May 31, 2015. (Doc. 1 at 5; Doc. 8-2).

Proceeding *pro se*, Chilson filed the instant action against the Navy on January 15, 2019. (Doc. 1). In count one of his complaint, Chilson alleges that, from September 2014 to May 2015, the Agency discriminated against him based on his disability (ADHD and dyscalculia) by terminating his employment and through the "[u]nauthorized release of disabled-medical information." (Id. at 3-5). Chilson contends that as a result of the Agency's discriminatory actions, he had to retire four years ahead of schedule.[3] (Id. at 5). In count two, Chilson alleges that the

---

[2] According to the Agency, "SWFLANT is a field activity of, and reports to the Strategic Systems Programs (SSP), which is headquartered at the Washington Navy Yard, DC." (Doc. 8 at 2).

[3] In his complaint, Chilson alleges that the facts of his case are as follows:

> The Agency violated the Privacy Act and the ADA in their recruitment process for the Plaintiff ("No agency shall disclose any record which is contained in a system of records by any means of communication to any person, or to another agency, except pursuant to a written request by or with the prior written consent of the individual to whom the records pertain". 5 USC 552a(b). The information that the Agency released to Department of the Navy recruiters included the following: "difficulty

2

Agency violated the Privacy Act, 5 U.S.C. § 552a, by releasing his medical information, which mischaracterized his limitations, to Department of the Navy recruiters during the reasonable accommodation reassignment process in October 2014, and by sharing his reasonable accommodation request and all associated documentation, including medical information, with a Navy doctor without authorization in May 2015. (Id.). In the third count,

---

> in arithmetic and diminished performance in activities requiring mathematical calculations and manipulation; inability to perform budgetary duties; inability to focus in order to accomplish tasks; and inability to function in a high stress position". At the time of this specific information being released by the Agency (October 2014), the Plaintiff had received a Successful in his annual performance evaluation (September 2014). This evaluation successfully rated him as carrying out his budgetary responsibilities for a seven million dollar annual budget. These discriminatory actions resulted in the Plantiff [sic] retiring four years ahead of schedule. The Agency also shared the Plaintiff's reasonable accommodation request and all associated documentaiton [sic], including medical information, that was one year old, to a Navy doctor the month the Plaintiff retired – May 2015. The Plaintiff did not authorize the Agency to do so. The Agency did not adhere the guidance of the Merit System Principles since its recruitment process for the Plaintiff was not a fair and open competetion [sic] which assured equal opporutnity [sic]. The selection should have been determined soley [sic] on the basis of relative ability, knoweldge [sic] and skills of the individual. Instead the Agency utilized not accurate nor current medical information which tainted the Plaintiff's oppporunities [sic] to obtain other employment in the Department of the Navy since disabled medical information had been shared by the Agency to other commands recruiters in the area.

(Doc. 1 at 5).

Chilson alleges that during the reasonable accommodation reassignment process, the Agency violated Merit System Principles, 5 U.S.C. § 2301, by utilizing inaccurate and outdated medical information, and that this tainted his opportunities to obtain other employment within the Department of the Navy. (Id.).

In the instant motion, the Agency seeks the dismissal of Chilson's complaint for failure to properly serve the Navy in accordance with Federal Rule of Civil Procedure 4(i)(2). (Doc. 8 at 11-12). In addition, the Agency moves for dismissal of count one for failure to state a claim upon which relief can be granted on the basis of untimeliness, dismissal of count two on the basis of untimeliness, and dismissal of count three for lack of subject matter jurisdiction based on failure to exhaust administrative remedies. (Id. at 12-19). The motion has been fully briefed and is now ready for resolution.

## II. STANDARDS OF REVIEW

### A. Service of Process.

Rule 4 of the Federal Rules of Civil Procedure governs the sufficiency of process, and Rule 4(i) governs service of process against the United States and its agencies, corporations, officers, and employees. See Fed. R. Civ. P. 4. A defendant may seek dismissal under Rule 12(b)(2) for lack of personal jurisdiction and under Rule 12(b)(5) for insufficient service of process if the plaintiff fails to properly effectuate service under

4

Rule 4. See, e.g., Reed v. Potter, 2006 WL 8433069, at *2 (N.D. Ga. May 16, 2006), report and recommendation adopted, 2006 WL 8433112 (N.D. Ga. July 19, 2006). It is the defendant's burden to establish that service was insufficient, and a defendant's "challenge of sufficiency of process must describe with specificity how the service of process failed to meet the procedural requirements of [Rule 4]." Hollander v. Wolf, 2009 U.S. Dist. LEXIS 101446, at *7, 2009 WL 3336012, at *3 (S.D. Fla. Oct. 14, 2009). "Once a defendant challenges service of process, plaintiff has the burden to demonstrate sufficient service of process by making a *prima facie* case of proper service." Id.; Familia de Boom v. Arosa Mercantil, S.A., 629 F.2d 1134, 1139 (5th Cir. 1980)[4] ("[W]hen service of process is challenged, the party on whose behalf service is made has the burden of establishing its validity."), overruled on other grounds by Ins. Corp. of Ireland, Ltd. v. Compagnie Des Bauxites de Guinee, 456 U.S. 694 (1982). If the plaintiff can make such a showing, the burden then shifts back to the defendant to "bring strong and convincing evidence of insufficient process." Hollander, 2009 U.S. Dist. LEXIS 101446, at *8, 2009 WL 3336012, at *3. "The Court may look to affidavits,

---

[4] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent the decisions of the former Fifth Circuit rendered prior to October 1, 1981.

5

depositions and oral testimony to resolve disputed questions of fact." Id.

"Service of process is a jurisdictional requirement: a court lacks jurisdiction over the person of a defendant when the defendant has not been served." Pardazi v. Cullman Med. Ctr., 896 F.2d 1313, 1317 (11th Cir. 1990). Therefore, where a court finds insufficient service, it is improper for the court to reach the merits of the case and to issue a dismissal with prejudice. Jackson v. Warden, FCC Coleman-USP, 259 F. App'x 181, 182-83 (11th Cir. 2007) (per curiam) (citing Pardazi, 896 F.2d at 1317).[5]

**B. Rule 12(b)(1).**

Under Federal Rule of Civil Procedure 12(b)(1), a defendant may seek dismissal of a case claiming that the court lacks subject matter jurisdiction over the suit. A challenge to a district court's exercise of subject matter jurisdiction under Rule 12(b)(1) may take one of two forms: a facial or factual attack. Lawrence v. Dunbar, 919 F.2d 1525, 1528-29 (11th Cir. 1990). In a facial attack, a court simply must examine the pleading and determine whether the plaintiff has sufficiently alleged a basis

---

[5] Federal Appendix cases are unpublished Eleventh Circuit opinions and are not considered binding precedent, but they may be cited as persuasive authority. 11th Cir. R. 36-2; Henry v. Comm'r of Soc. Sec., 802 F.3d 1264, 1267 n.1 (11th Cir. 2015) (per curiam) ("Cases printed in the Federal Appendix are cited as persuasive authority.").

6

for subject matter jurisdiction, while accepting the plaintiff's allegations as true and construing them most favorably to the plaintiff. Id. at 1529. A factual attack challenges the existence of subject matter jurisdiction in fact, irrespective of the pleadings, and the court may consider matters outside the pleadings and weigh conflicting evidence. Id. On a facial attack, a plaintiff is afforded safeguards similar to those provided in opposing a Rule 12(b)(6) motion, meaning that the court must consider the allegations of the complaint to be true. Id. But when the attack is factual, the trial court may weigh the evidence, and there is no presumption of truthfulness that attaches to the plaintiff's allegations. Id. When a party challenges subject matter jurisdiction, the court has authority to resolve factual disputes and is given "discretion to devise a method for making a determination with regard to the jurisdictional issue." Odyssey Marine Expl., Inc. v. Unidentified Shipwrecked Vessel, 657 F.3d 1159, 1170 (11th Cir. 2011) (quotation omitted).

**C. Rule 12(b)(6).**

Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes a motion to dismiss an action on the ground that the allegations in the complaint fail to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). On such a motion, the "issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to

7

support the claims." Little v. City of N. Miami, 805 F.2d 962, 965 (11th Cir. 1986) (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)). "When considering a motion to dismiss, all facts set forth in the plaintiff's complaint 'are to be accepted as true and the court limits its consideration to the pleadings and exhibits attached thereto.'" Grossman v. Nationsbank, N.A., 225 F.3d 1228, 1231 (11th Cir. 2000) (per curiam) (quoting GSW, Inc. v. Long Cnty., 999 F.2d 1508, 1510 (11th Cir. 1993)). The court must draw "all reasonable inferences in the plaintiff's favor." St. George v. Pinellas Cnty., 285 F.3d 1334, 1337 (11th Cir. 2002). However, the court is not required to accept as true a plaintiff's legal conclusions. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

To survive a motion to dismiss, a complaint must state on its face a plausible claim for relief, and "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. Unless a plaintiff has "nudged [his] claims across the line from conceivable to plausible," the complaint "must be dismissed." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Iqbal, 556 U.S at 678 (quoting Twombly, 550 U.S at 556).

D. *Pro Se* **Litigation.**

When considering a *pro se* litigant's allegations, a court gives them a liberal construction, holding them to a less stringent standard than those of an attorney. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, a court does not have "license . . . to rewrite an otherwise deficient pleading [by a *pro se* litigant] in order to sustain an action." GJR Invs., Inc. v. Cnty. of Escambia, Fla., 132 F.3d 1359, 1369 (11th Cir. 1998), overruled on other grounds by Iqbal, 556 U.S. 662 (2009); see Randall v. Scott, 610 F.3d 701, 709-10 (11th Cir. 2010) (observing Iqbal's overruling of GJR Investments' heightened pleading standard for civil rights complaints). Furthermore, a *pro se* litigant "is subject to the relevant law and rules of court including the Federal Rules of Civil Procedure." Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989), cert. denied, 493 U.S. 863 (1989).

### III. ANALYSIS

A. **Motion to Dismiss for Lack of Proper Service of Process**.

The Agency first argues that Chilson's complaint should be dismissed because there is no evidence that he properly served the Navy. (Doc. 8 at 11-12). The Agency attaches to its motion the affidavit of Timothy J. Cothrel, Senior Associate Counsel, Command Liaison and Training, at the Naval Litigation Office, who states that his duties include "supervising the litigation support staff and overseeing the management of subpoenas, requests for

information, and service of process in general." (Doc. 8-4 at 1). Mr. Cothrel cites 32 C.F.R. § 257.5(c), which states that the "Secretary of the Navy, or his designee, the General Counsel, shall accept service of process for the Department of the Navy." 32 C.F.R. § 257.5(c). Mr. Cothrel states that it is Navy policy and practice that all process pertaining to the Department must be served via the Naval Litigation Office, and that any summons sent to the Secretary of the Navy or the General Counsel is immediately forwarded to the Naval Litigation Office, at which point it is formally accepted using specific procedures outlined in his affidavit. (Doc. 8-4 at 1). According to Mr. Cothrel, service of the Navy may be accomplished in one of three ways: use of a process server, certified mail going through the mail room at the Pentagon, or express delivery (such as Federal Express, UPS, or Express Mail) directly to the Naval Litigation Office at the Washington Navy Yard. (Id.). Mr. Cothrel avers that he has twice asked support staff members to search the Department's official electronic records repository to ascertain whether a summons has been received for a "Chilson" case, most recently on April 17, 2019, and that on both occasions, a staff member verified that no document associated with that name has been served on the Navy. (Id.).

In response, Chilson asserts that the summons "was sent to the Navy Department located in Washington Navy Yard, DC. This was the same address that the Equal Employment Opportunity Commission

(EEOC) used for mailing purposes throughout the Plaintiff's EEOC appeals' [sic] process . . . ." (Doc. 11 at 1). Chilson maintains that "[t]his address is also the correct address where the Navy Department has stipulated where Summons should be sent which concerns Navy personnel." (Id. at 1-2).

Federal Rule of Civil Procedure 4(i)(1) provides that service upon the United States shall be executed: (A) by delivering a copy of the summons and complaint to the United States attorney for the district where the action is brought or to an assistant United States attorney or clerical employee designated by the United States attorney in a writing filed with the clerk of the court, or by sending a copy of the summons and complaint by registered or certified mail addressed to the civil process clerk at the United States attorney's office; and (B) by also sending a copy of the summons and complaint by registered or certified mail to the Attorney General of the United States at Washington, D.C. Fed. R. Civ. P. 4(i)(1)(A)-(B). In addition, to serve a United States agency or corporation, or a United States officer or employee sued only in an official capacity, a party must serve the United States as set forth in Rule 4(i)(1) and also send a copy of the summons and complaint by registered or certified mail to the agency, corporation, officer, or employee. Fed. R. Civ. P. 4(i)(2).

On March 27, 2019, Chilson filed three proofs of service in this case (one each for the United States attorney, Attorney

General, and the Navy), which included certified mail receipts showing that Plaintiff served the United States attorney and Attorney General.[6] (Doc. 7 at 3, 9). In his proof of service for the Navy, Chilson stated that the summons was "[d]elivered via USPS via certified mail on March 8, 2019." (Id. at 5). He did not attach a certified mail receipt to the proof of service for the Navy, but rather what appears to be a United States Postal Service tracking receipt[7] which listed only a tracking number and the following delivery status:

> Delivered
> March 8, 2019 at 11:38 am
> Delivered, Front Desk/Reception/Mail Room
> NAVAL ANACOST ANNEX, DC 20373

(Id. at 6).

By submitting the affidavit of Mr. Cothrel, along with supporting documents, Defendant has met its responsibility of specifically describing how Chilson's service of process on the Navy failed to meet the procedural requirements of Rule 4(i)(2). Thus, Chilson bears the burden to establish a *prima facie* case of

---

[6] The Agency does not appear to dispute that the United States attorney and the Attorney General of the United States were properly served; thus, the relevant question is whether Plaintiff complied with Rule 4(i)(2) by properly serving the Navy.

[7] The tracking receipt appears to have been printed from the Internet, although there is no URL on the page, and the tracking receipt does not specifically indicate that it is from the United States Postal Service or bear any official markings. (See Doc. 7 at 6).

valid service.  This he fails to do.  Neither Chilson's proof of service nor the attached tracking receipt lists the name of the individual or the specific Navy office to which the summons and complaint were sent.  Chilson's contention that he sent the summons to the same Washington Navy Yard address that was used for mailing purposes throughout his *EEOC appeals process* does nothing to establish that he served a copy of the summons and complaint on the appropriate Navy official or the appropriate office – the Naval Litigation Office.  In fact, it suggests the opposite. Accordingly, the Court finds that Chilson has not met his burden of establishing that he complied with Rule 4(i)'s requirements for service on the Navy.

Rule 4(m) of the Federal Rules of Civil Procedure provides the time limit for effecting service:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time.  But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).  Chilson's complaint was filed on January 15, 2019; thus, he has failed to properly serve the Navy within the ninety days provided by Rule 4(m).  However, Rule 4(i) has a savings clause, which provides in relevant part that "[t]he court must allow a party a reasonable time to cure its failure to: (A) serve a person required to be served under Rule 4(i)(2), if the

party has served either the United States attorney or the Attorney General of the United States[.]" Fed. R. Civ. P. 4(i)(4)(A). As there is no dispute that Chilson served both the United States attorney and the Attorney General, the Court must allow Chilson a reasonable time to cure the failure to properly serve the Navy under Rule 4(i)(2). See Reed, 2006 WL 8433069, at *2.

Accordingly, the undersigned recommends that the Agency's motion to dismiss for insufficient service of process be denied without prejudice, that Chilson be given twenty (20) days upon entry of the order of the District Judge to properly serve the Navy, and that the Agency be permitted to re-file its motion to dismiss for insufficient service of process if Chilson fails to serve process properly within this Court's deadline.

In addition to seeking dismissal of Chilson's complaint pursuant to Rules 12(b)(2) (lack of personal jurisdiction) and 12(b)(5) (insufficient service of process) based on failure to properly serve the Navy, Defendant's motion seeks dismissal of count one under Rule 12(b)(6) for failure to state a claim, dismissal of Chilson's Privacy Act claim as time-barred,[8] and

---

[8] See Gonzalez v. United States, 2018 U.S. Dist. LEXIS 224454, at *10-11 & n.5, 2018 WL 7825025, at *4-5 & n.5 (S.D. Fla. Oct. 11, 2018) (noting that "the Eleventh Circuit has not spoken to whether the Privacy Act's two-year statute of limitations is jurisdictional in nature" and that there "is currently a split among the circuits that have considered the issue" and construing the Government's argument that the plaintiff's complaint

dismissal of Chilson's claim under 5 U.S.C. § 2301 for lack of subject matter jurisdiction based on failure to exhaust administrative remedies. (See Doc. 8). While "a defendant may join objections to jurisdiction under Rule 12(b)(2) with a motion to dismiss for failure to state a claim or any other defenses that are assertable by motion without waiving the jurisdictional defense[,] . . . [a]s a general rule, when the court is confronted by a motion raising a combination of Rule 12(b) defenses, it will pass on the jurisdictional issues before considering whether a claim was stated by the complaint." Madara v. Hall, 916 F.2d 1510, 1514 & n.1 (11th Cir. 1990) (stating that a defendant that is not subject to the jurisdiction of the court cannot be bound by its rulings). In light of the undersigned's finding that Chilson has failed to perfect service on the Navy and should be afforded the opportunity to cure said defect, it would be premature for this Court to reach the merits of Defendant's other arguments for dismissal. See Cuyler v. Fed. IRS, Dep't of the Treasury, 2016 U.S. Dist. LEXIS 182800, at *10-11, 2016 WL 11581655, at *4 (N.D. Ga. July 14, 2016) (declining to reach alternative arguments for dismissal on grounds of sovereign immunity, failure to exhaust administrative remedies, and failure to state a claim after concluding that the complaint should be dismissed for insufficient

---

established that the Privacy Act claims were time-barred as a motion to dismiss for failure to state a claim).

service of process), report and recommendation adopted, 2016 U.S. Dist. LEXIS 182796, 2016 WL 7888021 (N.D. Ga. Aug. 16, 2016). Thus, under the circumstances, it is recommended that the Agency's motion to dismiss count one for failure to state a claim, motion to dismiss count two as time-barred, and motion to dismiss count three for failure to exhaust administrative remedies be denied without prejudice as premature at this time.[9]

## V. CONCLUSION

For the reasons set forth above, the undersigned recommends that the Agency's motion to dismiss (Doc. 8) be **DENIED without prejudice**, and that Plaintiff be ordered to properly serve the Navy within twenty (20) days.

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to

---

[9] If Chilson timely effects proper service of process, the Agency can re-file its motion to dismiss under Rules 12(b)(6) and 12(b)(1) within the time limits set forth by the Federal Rules of Civil Procedure.

object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1.

In order to be specific, an objection must identify the specific place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this **12th** day of **February, 2020.**

                                        **/s/ SONJA F. BIVINS**
                            **UNITED STATES MAGISTRATE JUDGE**