# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| JAN CLINTON CHILSON, Plaintiff, | )<br>)<br>)<br>) |
| vs. | ) CIVIL ACTION NO. 1:19-cv-16-TFM-B<br>) |
| THOMAS B. MODLY,<br>Acting Secretary, Department of the Navy,<br>Defendant. | )<br>)<br>)<br>)<br>) |

## MEMORANDUM OPINION ORDER

On February 12, 2020, the Magistrate Judge entered a Report and Recommendation which recommends the Plaintiff be ordered to properly serve the Defendant within twenty (20) days and that the Defendant's Motion to Dismiss (Doc. 8, filed 2/12/20) be **DENIED without prejudice** with leave to refile. *See* Doc. 20. No objections were filed by either party. The Court has reviewed the report and recommendations, pleadings, and the case file. Also, pending before the Court is Defendant's Motion for Leave to File a Surreply (Doc. 16, filed 7/31/19) with the proposed surreply which is not addressed in the Report and Recommendation. However, the Court has considered it in conjunction with the other matters. For the reasons discussed below, the Report and Recommendation is **ADOPTED as modified**.

The Defendant filed its Motion to Dismiss arguing – in this order – that Plaintiff failed to properly serve the defendant, the complaint fails to state a claim for which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6) and for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1). *See* Doc. 8. Under normal circumstances, the Court would first be required to address the jurisdictional argument prior to any other matters. *See Smitherman v. United States*, 463 F. App'x 893 (11th Cir. 2012) (district court must address a Rule 12(b)(1) jurisdictional

argument prior to addressing an argument under Rule 12(b)(6)); *cf. Posner v. Essex Ins. Corp.*, 178 F.3d 1209, 1214 n. 6 (11th Cir. 1999) (citing *Arrowsmith v. United Press Int'l*, 320 F.2d 219, 221 (2d Cir.1963) and its statement that court should decide a 12(b)(2) motion before a 12(b)(6) motion because "a court without 12(b)(2) jurisdiction lacks power to dismiss a complaint for failure to state a claim").

However, the circumstances here dictate that re-briefing on the "jurisdiction" issue is required regardless. Subsequent to the Defendant's motion, reply, and surreply, the United States Supreme Court issued its opinion in *Fort Bend Cty. v. Davis*, --- U.S. ---, 139 S. Ct. 1843, 204 L. Ed. 2d 116 (2019). It held that "Title VII's charge-filing requirement is a processing rule, albeit a mandatory one, not a jurisdictional prescription delineating the adjudicatory authority of the courts." Though this case is brought pursuant to the Americans with Disabilities Act, 42 U.S.C. § 1201 and other federal employment statutes, it is incumbent that the Court allow both parties the opportunity to address the *Davis* holding in the context of a jurisdictional argument under Fed. R. Civ. P. 12(b)(1).

Based on the above, it is **ORDERED** that:

(1) Defendant's Motion for Leave to File a Surreply (Doc. 16) is **GRANTED**;

(2) the Report and Recommendation (Doc. 20) is **ADOPTED as modified**; and

(3) Defendant's Motion to Dismiss (Doc. 8) is **DENIED without prejudice** with leave to refile as appropriate.

Plaintiff shall have **twenty (20) days** to properly serve the Defendant from the date of this order. It is further **ORDERED** that this case is **REFERRED BACK** to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) for additional proceedings by order or recommendation as appropriate.

**DONE** and **ORDERED** this 5th day of March, 2020.

>/s/Terry F. Moorer
>TERRY F. MOORER
>UNITED STATES DISTRICT JUDGE