IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JAN CLINTON CHILSON, | ) |
| Plaintiff, | ) |
| vs. | ) CIV. ACT. NO. 1:19-cv-16-TFM-B |
| CARLOS DEL TORO, Secretary, Department of the Navy, | ) |
| Defendant. | ) |

## MEMORANDUM OPINION ORDER

On October 28, 2021, the Magistrate Judge entered a Report and Recommendation which recommends the Defendant's Motion for Summary Judgment (Doc. 63) be granted and this action be dismissed with prejudice. *See* Doc. 73. Plaintiff timely filed objections. *See* Doc. 74.

Plaintiff reiterates many points he previously made and still relies upon his lack of knowledge of the statute of limitations and blames Defendant and the EEOC for not telling him. However, that argument fails. As noted by the Magistrate Judge, it is the knowledge of the violation that matters, not whether the *pro se* plaintiff knew of the statute of limitations. The record is clear that Plaintiff knew of the violation in 2015. "Ignorance of the law usually is not a factor that can warrant equitable tolling." *Wakefield v. R.R. Ret. Bd.*, 131 F.3d 967, 970 (11th Cir. 2019). Further, despite Plaintiff attempting to blame Defendant for his ignorance, there is no obligation on the part of the Defendant to give actual notice of the statute of limitations. Therefore, it is clear Plaintiff's claims are time barred as the statute of limitations applies.

The Court has reviewed the report and recommendation, objections, and conducted a de novo review of the case file. For the reasons discussed below, the objections are **OVERRULED** and the Report and Recommendation is **ADOPTED**. Defendant's Motion for Summary Judgment

(Doc. 63) is **GRANTED** and Plaintiff's claims are **DISMISSED with prejudice** as time barred.

A separate judgment shall be entered.

**DONE** and **ORDERED** this 3rd day of December, 2021.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES DISTRICT JUDGE